IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ADONIS LaRAY McKISIC,<br><br>Petitioner,<br><br>v.<br><br>THEODORE JACKSON,<br><br>Respondent. | HABEAS CORPUS<br>28 U.S.C. § 2241<br><br><br>CIVIL ACTION FILE NO.<br>1:17-cv-0773-TWT-JKL |

## **ORDER AND FINAL REPORT AND RECOMMENDATION**

On March 2, 2017, Petitioner filed handwritten documents that the Clerk docketed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. [Doc. 1.] Petitioner did not pay the $5.00 filing fee or file a motion to proceed *in forma pauperis*. On March 10, 2017, the Court ordered Petitioner to pay the filing fee or execute and return a financial affidavit form provided by the Court's Clerk. The Court further ordered that Petitioner amend his petition on the form provided by the Clerk and advised Petitioner that money damages are not available in a habeas corpus action.

On March 20, 2017, the Clerk docketed an Amended Petition and an incomplete financial affidavit. [Docs. 4, 5.] In his Amended Petition, Petitioner

asserted claims for false arrest and false imprisonment and asked the Court to award him $66,600,000.00 in damages. [Doc. 4 at 8.]

On March 23, 2017, the Court issued an Order informing Petitioner that his filings are inconsistent and not clear as to what relief he is seeking or on what basis. The Court again advised Petitioner that money damages are not available relief in a habeas action, and that habeas corpus relief is not available to Petitioner until he has exhausted his available state remedies or shown that the state process is ineffective to protect his rights. 28 U.S.C. § 2254(b)(1)(A)-(B); *see also Hughes v. Attorney Gen. of Fla.*, 377 F.3d 1258, 1262 n.4 (11th Cir. 2004) (applying § 2254(b)(1)'s exhaustion requirement to state pretrial detainee's § 2241 petition).

The Court further advised that if Petitioner sought money damages, he must do so in an action pursuant to 42 U.S.C. § 1983. The Court directed the Clerk to forward Petitioner the necessary forms and advised Petitioner to return either a habeas petition or a § 1983 complaint. The Court also directed Petitioner to return a completed financial affidavit.

On April 10, 2017, Petitioner returned an Amended Petition [12] and a § 1983 complaint [11] along with a completed financial affidavit [10], which the Court will now review. The Court construes the financial affidavit as a motion to proceed *in forma pauperis*. A prison official certifies that Petitioner's inmate

account has a $0.14 current balance and has had an average monthly balance for the preceding six months of $150.00 to $50.00. [Doc. 10 at 3.] The Court finds that Petitioner currently has insufficient funds in his prisoner account to pay a filing fee and that he may proceed *in forma pauperis*.

With respect to the Amended Petition, the Court notes that Petitioner still seeks money damages of $288,000,000.00. [Doc. 12 at 6.] He claims that his constitutional rights have been violated because: (1) the Fulton County Jail and Superior Court have received his motion to be released from custody, but have not released him; (2) he has submitted a performance bond, but has not been released on bond; (3) the jail mailroom has not delivered a birth certificate to him; (4) the Superior Court has committed fraud by not acting on his claims that the arresting officer committed crimes against him; (5) his appointed attorney has rendered ineffective assistance of counsel; (6) he is being falsely imprisoned and falsely prosecuted; (7) the arresting officer committed perjury; and (8) he was arrested pursuant to a false warrant and affidavit. [*Id.* at 4-5.]

While some of these claims could amount to constitutional violations, Petitioner still does not indicate that he has exhausted his available state remedies through one complete round of the state's review process. A district court may not grant a habeas corpus petition unless it appears that either (1) the petitioner "has

exhausted the remedies available in the courts of the State"; (2) "there is an absence of available State corrective process"; or (3) "circumstances exist that render such process ineffective to protect the [petitioner's] rights." 28 U.S.C. § 2254(b)(1)(A)-(B). A petitioner "shall not be deemed to have exhausted" the available state court remedies "if he has the right under the law of the State to raise, by any available procedure," the claims he has presented in his federal habeas corpus petition. 28 U.S.C. § 2254(c). Although the Supreme Court has rejected a strict interpretation of § 2254(c), "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *see Mason v. Allen*, 605 F.3d 1114, 1119 (11th Cir. 2010) (same, citing *Boerckel*). These principles apply in the § 2241 context because a fundamental prerequisite for federal habeas relief is that the petitioner must first exhaust all other remedies available to him. *See Fain v. Duff*, 488 F.2d 218, 223 (5th Cir. 1973) (noting that the judicially created exhaustion requirement, although codified at 28 U.S.C. § 2254(b) for collateral attacks on state court convictions, "applies to all habeas corpus actions"); *see also Thomas v. Crosby*, 371 F.3d 782, 812 (11th Cir. 2004) (Tjoflat, J., concurring) (noting that

4

"[a]mong the most fundamental common law requirements of § 2241 is that petitioners must first exhaust their [other available] remedies").

Moreover, while the federal courts generally have authority to grant relief in ongoing state criminal proceedings, this Court required to abstain from doing so absent limited, special circumstances. *See Younger v. Harris*, 401 U.S. 37, 43 (1971). Petitioner has not presented a colorable basis for federal intervention. *Younger* requires this Court to abstain from intervening where Plaintiff fails to show an inadequacy of the state proceedings to address the issue. Out of comity to the state procedural system, this Court cannot consider interfering while Petitioner's state remedies remain unexhausted. Therefore, this federal habeas petition should be dismissed without prejudice on grounds of abstention and for lack of exhaustion.

Petitioner is also not entitled to a certificate of appealability ("COA"). When challenging detention arising out of process issued by a State court, a federal habeas petitioner must obtain a COA before appealing the denial of his petition. 28 U.S.C. § 2253(c)(1)(A). A COA may issue only when the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different

manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted). A petitioner need not "show he will ultimately succeed on appeal" because "[t]he question is the debatability of the underlying constitutional claim, not the resolution of that debate." *Lamarca v. Sec'y, Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009) (citing *Miller-El v. Cockrell*, 537 U.S. 322, 337, 342 (2003)).

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, . . . a certificate of appealability should issue only when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* . . . whether the district court was correct in its procedural ruling.

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (quotations omitted). Because jurists of reason would not find it debatable whether Petitioner's federal habeas petition should be dismissed for lack of exhaustion, a certificate of appealability is not warranted here.

With respect to Petitioner's complaint, the Clerk is **DIRECTED** to (1) create a new civil action for Petitioner's 42 U.S.C. § 1983 complaint; and (2) docket a copy of the complaint [11] and the Affidavit and Authorization for Withdrawal from Inmate Account [10].

The undersigned **RECOMMENDS** that Petitioner's habeas corpus petition be **DISMISSED** for failure to exhaust and on grounds of abstention. Petitioner's motion to proceed *in forma pauperis* is **GRANTED** for the purpose of dismissal only. [Doc. 10.]

**IT IS SO ORDERED AND RECOMMENDED** this 12th day of April, 2017.

_____
JOHN K. LARKINS III
UNITED STATES MAGISTRATE JUDGE